IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| The Beachwaver Co.<br>408 N. Milwaukee Ave, Suite 202<br>Libertyville, IL 60048<br><br>      Plaintiff,<br><br>   v.<br><br>Farouk Systems, Inc.<br>880 Richey Rd.<br>Houston, TX 77073<br><br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:16-cv-00693<br><br><br>**JURY TRIAL DEMAND** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, The Beachwaver Co. ("Plaintiff"), by and through the undersigned counsel, files this Complaint for Patent Infringement against Farouk Systems, Inc., ("Defendant"), and hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. 1 *et seq.*, seeking damages and injunctive and other relief under 35 U.S.C. 281, *et seq.* Plaintiff's claims are based on the unauthorized and infringing manufacture, importation, use, sale, or offer for sale by Defendant of rotating curling irons.

## THE PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the State of Illinois and having a principal place of business at 408 N. Milwaukee Ave, Suite 202, Libertyville, Illinois 60048.

3. Defendant is a corporation organized and existing under the laws of the State of Texas having a principal place of business at 880 Richey Road, Houston, Texas 77073. Defendant has a registered agent for service of process at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

4. This is an action for patent infringement of United States Patent No. 9,398,796 ("the '796 patent") arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285.

5. Plaintiff owns the '796 patent and holds rights to sue and recover damages for infringement thereof, including past infringement. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant makes, offers for sale, or sells infringing products which are the subject of the patent infringement cause of action set forth herein.

7. Defendant has committed acts of patent infringement, including making, offering for sale, and selling infringing products within this judicial District.

8. This Court has personal jurisdiction over Defendant. Defendant does and has done substantial business in this District by selling products in this District, including those that infringe the '796 patent. Defendant has committed and continues to commit acts of patent infringement in this District by direct sales and sales through intermediaries.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b) because Defendant is subject to personal jurisdiction in this District and has committed and continues to

commit acts of patent infringement that give rise to the claims alleged within this District.

## FACTUAL BACKGROUND

10. On July 26, 2016, the United States Patent and Trademark Office duly and legally issued the '796 patent titled "Hair Styling Device."  A true and correct copy of the published '796 patent and Examiner's Amendment is attached to this Complaint as Exhibit A.

11. A Certificate of Correction is pending at the United States Patent Office.  The Claims of the '796 patent with the Examiner's Amendments applied are attached as Exhibit B.  The Examiner's Amendments are identical to the pending Certificate of Correction.

12. All maintenance fees for the '796 patent which have come due have been paid and the patent has not expired.  The '796 patent has not been found invalid by any court or agency.

13. Plaintiff currently makes, sells, and distributes rotating curling irons covered by the '796 patent.  An example rotating curling iron as covered by the '796 patent is shown below.



14. Defendant makes, uses, sells, or offers for sale a rotating curling iron ("Accused Product") that infringes one or more claims of the '796 patent under United States law.  The Accused Product is shown below.  The Accused Product includes at least the 1" CHI ARC GF8027 model shown below and the 1 ¼" CHI ARC GF7056 model (not shown).



15. Defendant makes Accused Products available throughout the United States, including this District, through Defendant's website http://farouk.com/product/chi-arc/, and

3

through retail outlets in this District.

16. The packaging included a multilingual owner's manual and color booklet that instructed the owner the proper use and care of the Accused Product.

17. The Accused Product was purchased online and shipped to a South Bend, Indiana address.

18. Accused Products are available at multiple retailers in this District, including ULTA Beauty (www.ulta.com) and JCPenney (www.jcpenney.com). Screen captures of the ULTA Beauty and JCPenney websites showing the Accused Product being offered for sale are shown in Exhibit C.

19. Defendant's booklet included in the packaging of the Accused Product provides the following diagram which shows that it is a hair styling device with a body:



20. The following image of the Accused Product shows that it has a cylinder that extends from the body and includes a clamp:



21. Defendant's packaging provides the following diagram of the Accused Product, which shows that the cylinder rotates with respect to the body and the clamp is fixed to the cylinder for rotation with the cylinder:



22. While not explicitly pictured, the nature of a curling iron necessitates a heating element. Defendant's booklet included with the Accused Product explains how to set the temperature of a heating element located within the cylinder:



23. The following image of a dismantled Accused Product shows that it has a rod that is affixed to and rotates with the cylinder; the rod extends into the body and is supported by a bearing within the body:



24. The following image of a dismantled Accused Product shows that the bearing restrains lateral movement and facilitates rotation of the rod:



25. The following images of a dismantled Accused Product shows that it has a first terminal disc fixed to the cylinder and includes concentric annular electrical contacts:



26. The following image of a dismantled Accused Product shows that it has a second terminal disc that is fixed relative to the body and includes concentric continuous annular electrical contacts:



27. The following image of a dismantled Accused Product shows that the contacts on one of the terminal discs are bent upwardly and contacts on the other terminal disc are flat annular rings:



28. The following image of a dismantled Accused Product shows that the first terminal disc is held adjacent to the second terminal disc so that the contacts of the first terminal disc remain in contact with the contacts of the second terminal disc to provide an electrical circuit across the contacts to the heating element in the cylinder:



29. The following image of a dismantled Accused Product shows that the rotatable rod extends through the centers of both terminal discs and the contacts of both terminal discs circumscribe the rotatable rod:



30. The following image of a dismantled Accused Product shows that it has a motor connected to the rotatable rod to rotate the cylinder:



31. The following image of a dismantled Accused Product shows the terminal discs located between the bearing and the cylinder.



32. The following image of a dismantled Accused Product shows a thrust bearing affixed to the rotatable rod to prevent axial movement of the rotatable rod.



33. Defendant was made aware of the infringement of the '796 patent at least as early as the filing of this Complaint.

34. Defendant has not offered to buy or license the '796 patent from Plaintiff.

**COUNT 1: DIRECT INFRINGEMENT OF THE '796 PATENT**

35. Paragraphs 1 through 33 of Plaintiff's Complaint are incorporated into Count 1 of Plaintiff's Complaint as if fully set forth herein.

36. The Accused Product meets all of the claimed limitations and therefore directly infringes the '796 patent.

37. Defendant, without authorization by Plaintiff, has directly infringed and continues to infringe at least one claim of the '796 patent in violation of 35 U.S.C. §271(a), literally or by doctrine of equivalents by making, using, offering for sale, or selling the Accused Product in the United States.

38. Defendant, unless enjoined by this Court, will knowingly and intentionally continue to engage in infringing behavior and has made, offered for sale, or sold the infringing Accused Product after knowing of the '796 patent.

**COUNT 2: INDUCED INFRINGEMENT OF THE '796 PATENT**
.
39. Paragraphs 1 through 37 of Plaintiff's Complaint are incorporated into Count 1 of Plaintiff's Complaint as if fully set forth herein.

40. The Accused Product meets all of the limitations of at least one claim of the '796 patent and therefore infringes.

41. Defendant specifically intends for others, such as customers and end users to directly infringe at least one claim of the '796 patent. By providing user manuals and guides, Defendant intends customers and end users to follow the instructions contained therein. When the customers and end users follow the instructions and use the Accused Product, they commit acts of direct infringement of the '796 patent. Defendants know that their actions actively induce

patent infringement by others.

42. Defendant has specifically marketed the Accused Product and other products that infringe the '796 patent to consumers and resellers in the United States.

43. Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '796 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's resellers, distributors, partners, and customers, whose use of the Accused Product constitutes direct infringement of at least one claim of the '796 patent.

44. Defendant, unless enjoined by this Court, will knowingly and intentionally continue to induce infringing behavior by others and has made, offered for sale, or sold the infringing Accused Product after knowing of the '796 patent.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor and grant the following relief:

a) declaring Defendant infringed the '796 patent;

b) declaring Defendant's infringement of the '796 patent has been willful;

c) declaring Defendant induced others to infringe the '796 patent;

d) an order permanently enjoining Defendant and all persons and entities acting in concert with Defendant, from manufacturing, using, selling and offering to sell the infringing product in the United States prior to the expiration of the '796 patent;

e) declaring this case is exceptional within the meaning of 35 U.S.C. § 285;

f) an award of damages adequate to compensate it for Defendant's infringement of the '796 patent including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

g) awarding all costs and expenses of this action, including reasonable attorneys' fees; and

h) awarding Plaintiff such further relief as the Court may deem just, necessary, and proper.

Dated: October 7, 2016

Respectfully submitted,

/S/Michael D. Marston
Michael D. Marston
mmarston@bhlawyers.net
Garrick T. Lankford
glankford@bhlawyers.net
Botkin & Hall, LLP
Suite 400, Jefferson Centre
105 East Jefferson Blvd.
South Bend, IN 46601-1913
Phone: (574) 234-3900
Facsimile: (574) 236-2839
*Attorneys for Plaintiff*